## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Plaintiff,                      Case No.: 6:24-cv-386

v.

ELEGUAS TRUCKING INC, and
IVONNE MARIE LLOPIZ FONTANEZ,
as Personal Representative of the ESTATE of
SAILE REYES GONZALEZ

      Defendant.

_____/

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, NATIONAL SPECIALTY INSURANCE COMPANY ("NATIONAL"), and files this Complaint against Defendants, ELEGUAS TRUCKING INC ("ELEGUAS") and IVONNE MARIE LLOPIZ FONTANEZ, as Personal Representative of the ESTATE of SAILE REYES GONZALEZ (the "ESTATE"), for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 1332 and, in support thereof, states:

### **Parties, Jurisdiction, and Venue**

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.     NATIONAL is a Texas Corporation with its principal place of business in the State of Texas. Accordingly, NATIONAL is a citizen of Texas.

3.     ELEGUAS is a Florida Corporation with its principal place of business in the State of Florida. Accordingly, ELEGUAS is a citizen of Florida.

4.     SAILE REYES GONZALEZ resided in Orange County, Florida, at the time of his death and was a citizen of the State of Florida. IVONNE MARIE LLOPIZ FONTANEZ is a resident of Orange County, Florida, and is a citizen of Florida. IVONNE MARIE LLOPIZ FONTANEZ was appointed Personal Representative of the Estate of SAILE REYES GONZALEZ by the Probate Division of the Circuit Count of the Ninth Judicial Circuit in and for Orange County, Florida, File No. 2019-CP-001436-O. Accordingly, the ESTATE is a citizen of Florida.

5.     In this action, NATIONAL seeks a declaration of its duties and obligations to Defendants with regard to a judgment entered against ELEGUAS in favor of the ESTATE in the matter styled *Ivonne Marie Llopiz Fontanez, as Personal Representative of Saile Reyes Gonzalez*, Case No. 2019-CA-013022-O, in Orange County Circuit Court (the "Underlying Litigation").

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     On information and belief, all parties who claim an interest that will be affected by the declaration of rights in this cause are named as Defendants to this Complaint for Declaratory Judgment due to their interests and claims.

8.   All conditions precedent to the bringing of this suit have occurred or have been waived.

## Venue

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 1.04 because the accident giving rise to the Underlying Litigation occurred in Orange County, Florida, and a substantial part of the events giving rise to this action occurred in this District.

## Factual Background

10.   NATIONAL issued a Commercial Lines Insurance policy numbered TWS20018200, with effective dates from February 20, 2018 through February 20, 2019, to Eleguas Trucking Inc.  A true and correct copy of the Policy is attached hereto as Exhibit "A".

11.   On January 26, 2019, Saile Reyes Gonzalez ("REYES") was an employee of ELEGUAS, employed by ELEGUAS as a truck driver.

12.   At all relevant times, a federal safety regulation (29 C.F.R. § 1910.178(q)(10)) – required industrial trucks to be "kept in a clean condition, free of lint, excess oil, and grease."

13.   ELEGUAS required its trucks to be washed at least once every fifteen days, and it expected its truck-driver employees to wash the trucks assigned to them.

14.   REYES usually washed the truck assigned to him once a week.

15.    On January 26, 2019, while washing the truck assigned to him by ELEGUAS on ELEGUAS's premises, REYES was crushed to death when the bed of the truck dropped on him (the "Accident").

16.    On October 23, 2019, the ESTATE filed the Underlying Litigation against ELEGUAS. On November 13, 2019, the ESTATE filed an Amended Complaint. The Amended Complaint asserted two counts against ELEGUAS. In the first count for negligence, the ESTATE alleged that ELEGUAS "engaged in conduct that it knew, based on prior similar accidents, or on warnings specifically identifying known dangers, was virtually certain to result in injury or death to SAILE REYES GONZALEZ, and SAILE REYES GONZALEZ was not aware of the risk because the danger was not apparent and Defendant deliberately concealed or misrepresented the danger so as to prevent him from exercising informed judgment about whether to perform the work."   In the second count, the ESTATE alleged a claim under the Florida Wrongful Death Act. A true and correct copy of the Amended Complaint filed in the Underlying Litigation is attached hereto as Exhibit "B."

17.    ELEGUAS sought coverage for the Underlying Suit under the Policy from NATIONAL. NATIONAL provided a defense to ELEGUAS subject to a reservation of NATIONAL's rights. On December 4, 2020, National filed a declaratory-judgment action styled *National Specialty Insurance Company v. Eleguas Trucking, Inc.*, Case No. 20-CV-2225-CEM-EJK, in the United States District Court for the Middle District of Florida (the "Coverage Action"). The Coverage Action sought a determination that the Policy does not require NATIONAL to defend or

4

indemnify ELEGUAS with respect to the claim asserted by the ESTATE against ELEGUAS in the Underlying Litigation.

18.    Despite being properly served, ELEGUAS never appeared in the Coverage Action.  As a result, NATIONAL obtained a Clerk's default, and then later sought a final default judgment.  On May 18, 2021, the District Court issued an Order holding that NATIONAL had no duty to defend ELEGUAS in the Underlying Litigation but that the question of whether NATIONAL was required to indemnify ELEGUAS was not ripe for the Court's consideration. The Order directed the Clerk to enter a judgment in NATIONAL's favor on the question of whether it had a duty to defend ELEGUAS but dismissed the Coverage Action without prejudice to the extent that it sought a declaration that NATIONAL had no duty to indemnify. A true and correct copy of the Order is attached hereto as Exhibit "C" and can also be found at ECF No. 17 in Case No. 6:20-cv-02225-CEM-EJK.

19.    On May 19, 2021, the Clerk entered a Judgment in a Civil Case stating:

**IT IS ORDERED AND ADJUDGED**
that judgment is entered in favor of Plaintiff and against Defendant, including the following declarations:

i.    Insurance Policy No. TWS20018200 does not provide coverage to [ELEGUAS] for the accident alleged in the underlying lawsuit.

ii.    [NATIONAL] has no duty to defend [ELEGUAS] in the underlying lawsuit.

A true and correct copy of the Judgment in a Civil Case is attached hereto as Exhibit "D" and can also be found at ECF No. 18 in Case No. 6:20-cv-02225-CEM-EJK.

20.     At the time the Judgment in a Civil Case was entered in the Coverage Action, ELEGUAS's workers' compensation carrier was also defending ELEGUAS by providing ELEGUAS with co-counsel, who worked in concert with counsel provided by NATIONAL. After the Judgment in a Civil Case was issued in the Coverage Action, NATIONAL withdrew its defense of ELEGUAS, and counsel provided by ELEGUAS's workers' compensation carrier continued to defend ELEGUAS.

21.     The Underlying Litigation was tried before a jury July 17, 2023 – July 21, 2023.

22.     In the Underlying Litigation, the parties stipulated that REYES was an employee of ELEGUAS at the time of the Accident, and REYES was in fact an employee of ELEGUAS at the time of the Accident.

23.     The jury determined that REYES was not in the course and scope of his employment at the time of the Accident. A true and correct copy of the Verdict in the Underlying Litigation is attached hereto as Exhibit "E."

24.     NATIONAL is not bound by the determinations made by the jury in the Underlying Litigation. Notwithstanding the jury's determination in the Underlying Litigation, REYES's fatal injuries arose out of and in the course of his employment with ELEGUAS.

25.     Alternatively, even if REYES was not in the course of his employment at the time of the Accident, REYES was nonetheless in the course of performing duties related to the conduct of ELEGUAS's business at the time of the Accident.

26.     On September 27, 2023, the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, entered a Final Judgment in favor of the ESTATE and against ELEGUAS TRUCKING, INC. in the amount of $3,815,341.66 with interest at the legal rate established pursuant to Florida Statute § 55.03. A true and correct copy of the Final Judgment against ELEGUAS is attached hereto as Exhibit "F."

27.     As there is now a verdict and ELEGUAS has been found liable in the Underlying Action, determination of NATIONAL's duty to indemnify is now ripe for this Court's consideration.

## CLAIM FOR DECLARATORY JUDGMENT

28.     NATIONAL realleges and incorporates the allegations contained in Paragraphs 1-27 above as if fully set forth herein.

29.     A bona fide, actual, present, and practical controversy exists between NATIONAL and ELEGUAS regarding NATIONAL's obligations under the Policy, specifically, whether NATIONAL is obligated to indemnify ELEGUAS up to the $1 million policy limit for the amount of the judgment entered against ELEGUAS in favor of the ESTATE or otherwise owes anything to ELEGUAS or the ESTATE as a result of the Accident. This controversy has created doubt with regard to

NATIONAL's obligations under the Policy, and NATIONAL is entitled to have this doubt removed.

WHEREFORE the Plaintiff, NATIONAL SPECIALTY INSURANCE COMPANY, prays that this Honorable Court enter a declaratory judgment declaring whether NATIONAL SPECIALTY INSURANCE COMPANY is obligated to indemnify ELEGUAS TRUCKING INC with respect to the Underlying Litigation brought against it by the Estate, along with such other relief as this Honorable Court deems just and proper. Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted this 23rd day of February, 2024.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/James Michael Shaw, Jr.
JAMES MICHAEL SHAW, JR., ESQ.
Florida Bar No.:  0677851
jshaw@butler.legal
NAOMI R. ROBERTSON, ESQ.
Florida Bar No.: 1032076
nrobertson@butler.legal
Secondary:     mbumoskey@butler.legal
                        mmcnaull@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for Plaintiff, National Specialty Insurance Company*